0893

Joseph Barry GERTZ, Respondent v. Dorinda D. GERTZ, Appellant.

(353 S. E. (2d) 891)

Court of Appeals

*D. Cravens Ravenel,* of *Belser, Baker, Barwick, Ravenel, Toal & Bender,* Columbia, *for appellant.*

*Everett Hope Garner,* of *Holler, Dennis & Olive,* Columbia, *for respondent.*

Heard Jan. 19, 1987.

Decided Mar. 2, 1987.

GARDNER, Judge:

Dorinda D. Gertz (Dorinda) and Joseph Barry Gertz (Joseph) were married in late 1978. Their only child, a daughter, was born in October 1979. They separated in March 1984; the appealed divorce decree was granted on the grounds of continuous separation for one year. The appealed order awarded the husband a 40 percent equity in the marital home. The wife appealed. We affirm in part, reverse in part and remand.

The wife, who holds a Ph.D., is a principal of a public school for severely handicapped children. Her gross monthly income from her employment is $2,627.

The husband holds an undergraduate degree from Stanford University and a masters degree in business from U.C.L.A. His working history before the marriage was for the most part a string of unsuccessful ventures. He amassed a debt of $400,000 to his mother, who backed him in these unsuccessful ventures. Most of this sum represents loans to the husband; the other part represents unpaid compensation his mother earned. The wife was unaware of this debt when she married the husband.

The husband has worked most of the marriage, but his earning capacity seems to be limited. He testified that he had made a strong effort to keep jobs, but we note, parenthetically, he had not been successful in doing so. He worked as a stockbroker for Smith Barney for about 16 months, but when he left that employment, he was in debt to Smith Barney for money paid him before he earned it. He also worked in Philadelphia for about two years as a consultant, during which time he was making a fair salary. At the time of the hearing, the husband was working on a temporary basis as a consultant for an economic development consulting firm. His gross income was $745 per month.

The home in which the parties lived was purchased in June 1979 for approximately $89,000. The court valued the house in the appealed order at $112,500.

Although she did not make it all at once, the wife made the entire down payment on the house of $30,400. At the closing, the wife contributed $20,000 which her mother lent her and for which she is still personally indebted as evidenced by a demand note. The husband, through a trust

supplied $10,400 toward the down payment; the trust was given a mortgage on the house; the wife some time later paid this $10,400 mortgage on the home. The home is titled solely in the wife's name; the husband testified that this was done to avoid his creditors.

The parties, when they bought the house, assumed an existing mortgage of $60,000. At the time of the hearing, the balance on the mortgage was approximately $56,000. The husband made all monthly payments of $520 per month through 1983 and thereby reduced the mortgage to the extent indicated.

The wife spent about $10,000 on relatively minor improvements and maintenance on the house. The husband's only contribution in this area was occasional payments to the gardener.

The record reflects that the wife spent all of her salary toward the support of the marriage. The husband, on the other hand, often sent a sizable portion of his limited income to his parents to satisfy his debt to them. These payments were as high as $2,000 per month. The wife testified that during this period she had to borrow money to meet the family expenses.

Importantly, the record contains no evidence of indirect contributions by the husband. He performed no services toward the maintenance of the household.

The only issue of merit is whether the trial judge erred in the equitable distribution. We do find error; we reverse and remand.

The appealed order fails to make the necessary findings of fact required by South Carolina Family Court Rule 27(C); we reverse and remand for purposes of reconsideration of the equitable distribution. Upon rehearing of this matter, the trial judge is directed to make findings of fact relating to the elements involved in equitable distribution set forth in Section 20-7-472, Code of Laws of South Carolina (1976), as amended.

We find persuasive the wife's argument that when viewing the parties total contribution to the marriage, the husband did not develop evidence justifying an award of 40 percent interest in the equity of the house. The husband's argument that he should be credited with the

entire payments made by him on the house is patently erroneous; only the principal of the payments should be applied. The interest payments were, however, contributions to the support of the marriage and as such were an element to be considered in equitable distribution; however, the interest portion of each payment is insignificant when compared to the contributions to the marriage made by the wife.

We find no merit to the other issues presented by the wife.

For the reasons stated, the appealed order is affirmed in part, reversed in part and remanded for reconsideration of the division of the equity in the house.

Affirmed in part, reversed in part and remanded.

SHAW and BELL, JJ., concur.